· The State, to use of Cochran, Respondent, v. Scott *et al.*, Appellants.

1. Where the existence of a judgment is at issue, it must be proved by the production of the record or an authenticated copy; where, however, the judgment itself is not at issue—as where the assignment of a judgment is proved to be the consideration of a sale of goods—the production of the record or an authenticated copy is not necessary.

*Appeal from St. Louis Court of Common Pleas.*

Scott and Dunn, two of the defendants, sued one Hives and recovered judgment.   Execution was issued and levied upon certain goods as the property of said Hives.   Said goods were claimed by plaintiff, and an indemnification bond was given to plaintiff Cochran as claimant.   Said goods were then sold. This suit is brought on said bond.   The defendants set up that said goods were fraudulently conveyed to Cochran by Hives.   Hives was introduced as a witness.   He testified

that a portion of the consideration of said sale to Cochran was a judgment against him, Hives, that had been assigned to Cochran. The court refused to instruct the jury that there was no evidence in the case showing a judgment against Hives. The jury found for plaintiff. One of the grounds of the motion for a new trial on the part of the defendant was surprise with respect to the judgment.

*Gray*, for appellants.

I. The judgment spoken of should have been produced. There was no legal evidence of its existence. The court erred in giving and refusing instructions. The court should have granted a new trial on the ground of surprise.

*H. N. Hart*, for respondent.

I. The case was submitted to the jury on proper instructions.

SCOTT, Judge, delivered the opinion of the court.

The only question in this case is as to the evidence of the judgment of which the witness spoke. Timothy Hives testified that he sold goods to Cochran, and amongst other things received in payment for them was a judgment obtained against him in New York, and which had been assigned to Cochran. On this the defendants moved to instruct the jury that there was no legal evidence of any judgment against Timothy Hives. This instruction was refused and exceptions were taken.

When it is necessary to prove a judgment, it must be done by the production of the record or an authenticated copy of it. Here there was no necessity for producing the judgment. The question was as to the consideration received by the witness for the goods sold. The witness acknowledged an indebtedness to the purchaser by judgment, and says the taking in that judgment was part of the consideration for the goods. As the witness acknowledged an indebtedness to the purchaser, that was sufficient. If the jury believed the witness, that was evidence enough to sustain a verdict.

As to the affidavit in relation to the surprise caused by the witness testifying to the existence of the judgment, it is singular the defendants did not use some means to obtain sight of the judgment which the witness said he had in his possession.  Affirmed.  The other judges concur.